IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PABLO PAUL GUTIERREZ, § <br> and MARIA LOURDES GUTIERREZ, § <br> § <br> Plaintiffs, § <br> § <br> V. § <br> § <br> TRACTOR SUPPLY COMPANY; § <br> JIAONAN DAFENG METAL PRODUCTS § <br> CO., LTD.; 1497111 ONTARIO INC. O/A § <br> DAFENG METAL PRODUCTS; and § <br> TEST-RITE PRODUCTTS CORP. § <br> § <br> § <br> § <br> § <br> Defendants. § | CIVIL ACTION NO. H-15-778 |

**MEMORANDUM AND OPINION GRANTING TEST-RITE'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES**

Pablo "Paul" Gutierrez and his wife, Maria Gutierrez, sued after he was injured when a tire he was inflating explosively separated, hitting him in the leg. The accident took place in an oilfield where Gutierrez was working. The plaintiffs alleged that Occidental Petroleum, Corp. (Oxy) owned the worksite where Gutierrez was injured while he was working for National Oilwell Varco, L.P. or Zap-Lok Pipeline Systems, Inc., a company that NOV had acquired, or both. The tire was manufactured by Dafeng Metal Products, sourced by Test-Rite International Co., Ltd., and sold by Tractor Supply Co. Tractor Supply removed, claiming that Oxy, a Texas citizen, was improperly joined. The plaintiff dismissed Oxy from the suit.

Test-Rite Products now moves for leave to designate NOV and Oxy as responsible third parties. (Docket Entry No. 66). Test-Rite alleges that Oxy owned or leased the worksite where

1

the tire exploded and that it happened while Gutierrez was employed by NOV. Test-Rite alleges that Oxy's post-accident investigation showed that the accident was caused, at least in part, by NOV's failure to provide maintenance instructions to its technicians, its infrequent audits and evaluations, its failure to properly supervise Gutierrez, and its failure to follow Oxy's safety procedures. Test-Rite alleges that Oxy contributed to cause the accident by providing an unsafe workplace, failing to supervise Gutierrez, failing to ensure that workers complied with its safety procedures, and failing to implement adequate safety measures. Test Rite also alleges that Gutierrez contributed to cause the explosion by overinflating the tire. Test-Rite alleges that both NOV and Oxy were negligent and asks that they be designated as responsible third-parties under § 33.004 of the Texas Civil Practice and Remedies Code.

Section 33.004 allows a defendant to designate as responsible third parties entities or individuals who are not parties to the suit but whose fault will be submitted to the fact-finder. The responsible-third-party provision "applies to all common law torts and statutory torts that do not have a separate and conflicting fault allocation scheme . . . [and] applies to federal diversity cases under the Erie Doctrine, as it is state substantive law that does not conflict with Rule 14 of the Federal Rules of Civil Procedure, the closest federal procedural counterpart." *Hernandez v. Bumbo (Pty) Ltd.*, No. 3:13-cv-1213-M, 2014 U.S. Dist. LEXIS 30392, at *3 (N.D. Tex. Mar. 10, 2014) (citing TEX. CIV. PRAC. & REM. CODE § 33.002; *JCW Elecs., Inc. v. Garza*, 257 S.W.3d 701, 704–07 (Tex. 2008)).

A responsible third party may include "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought . . . ." TEX. CIV. PRAC. & REM. CODE § 33.011(6). The defendant may introduce evidence about the

responsible third party's role in causing the injury or damages and ask the fact-finder to consider that role in allocating fault. Responsible third parties are not limited to those who can be made parties in the traditional sense. Rather, a responsible third party may be a person or entity outside the court's jurisdiction, unable to be sued, or even unknown. *Id.* § 33.004.

To designate a responsible third party, a defendant must file a motion for leave on or before the 60th day before the trial date, unless the court finds good cause to allow a later filing. *Id.* § 33.004(a). The court must grant a timely filed motion for leave to designate a responsible third party, unless another party files an objection on or before the 15th day after the motion for leave is served. *Id.* § 33.004(f). The objecting party has the burden to show that the defendant did not satisfy the Rule 47 requirements for an adequately pleaded complaint in its motion. *Id.* § 33.004(g). Under Rule 47 of the Texas Rules of Civil Procedure, a pleading must contain a short statement of the cause of action, sufficient to give fair notice of the claim. TEX. R. CIV. P. 47(a).

Once a person or entity is designated as a responsible third party, the factfinder determines its responsibility for the plaintiff's injury or damages, unless the trial court strikes the designation or no legally sufficient evidence of its fault is produced at trial. TEX. CIV. PRAC. & REM. CODE § 33.003(b). A finding of fault against a designated responsible third party does not "impose liability on the person" or entity designated, and the finding itself has no preclusive effect. *Id.* § 33.004(e).

Test-Rite argues that both NOV and Oxy are responsible third-parties because their negligence contributed to cause the tire explosion and to cause the injuries and damages Gutierrez suffered. Gutierrez opposes the motion for leave. Gutierrez argues that Test-Rite may

not designate NOV or Oxy as responsible third parties because it had an obligation to disclose them earlier and failed to do so, and because the statute of limitations bars Gutierrez's claims against these companies. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(d) ("A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.").

Test-Rite argues that, although the statutes of limitations against NOV and Oxy expired, both knew of the lawsuit. NOV was aware of the Oxy investigation and Oxy was a named party before Gutierrez voluntarily dismissed it. Test-Rite argues that Gutierrez was fully aware of both NOV and Oxy and their roles in the tire explosion. Test-Rite also argues that it was not served until after the statute of limitations against it had run,[1] and that it could not have designated NOV or Oxy earlier. Test-Rite also notes that worker's compensation insurance bars Gutierrez from pursuing any claim against NOV, and argues that he will not be prejudiced by the designation.

"The Texas Supreme Court has not spoken as to what constitutes a 'timely' disclosure under § 33.004(d), particularly, whether a disclosure made after the statute of limitations has run can nevertheless be deemed 'timely.'" *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 690 (E.D. Tex. 2014) (denying motion to designate responsible third-parties filed after the statute of limitations had run because the defendant had "ample information" available to make the designation earlier). "In construing the 'timely disclosure' requirement of § 33.004(d),

---

[1] Test-Rite moves separately for summary judgment on this issue. (Docket Entry No. 67).

however, this Court must presume that the Texas Legislature intended 'a just and reasonable result.' Otherwise, the 'timeliness' requirement has no meaning." *Id.* (citing *City of Dallas v. Abbott*, 304 S.W.3d 380, 384 (Tex. 2010)). The *Withers* court made clear that it did not intend "to announce a a general rule that all disclosures made after the applicable statute of limitations have expired must be deemed untimely for purpose of § 33.004(d)." *Id.* at 691. Instead, the court explained, "§ 33.004(d) must be applied in those circumstances as the facts of each case require. Timeliness is determined in every trial court on a case by case basis." *Id.*

Other courts have concluded that a designation may be timely after the statute of limitations has run. *See, e.g.*, *Curlee v. UPS*, No. 3:13-cv-00344-P, 2014 U.S. Dist. LEXIS 199314, at *5 (N.D. Tex. Dec. 12, 2014). In *Curlee*, the court distinguished *Withers*, explaining that the *Withers* defendants had six months before limitations expired to investigate and designate third-parties. By contrast, the plaintiff in *Curlee* filed the lawsuit only one day before limitations ended, giving the defendants "no realistic opportunity" to designate responsible third-parties before the statute of limitations expired. *Id.* at *6; *see Magna Equities II, LLC v. Heartland Bank*, No. H-17-1479, 2018 U.S. Dist. LEXIS 31971, at *23 (S.D. Tex. Feb. 28, 2018) (it was "just and reasonable" to allow the defendant to designate responsible third-parties after limitations ran because the plaintiff had filed suit only 8 days before limitations period, leaving the defendants with no realistic opportunity to designate earlier); *Spencer v. BMW of N. Am.*, No. 5:14-CV-869-DAE, 2015 U.S. Dist. LEXIS 43463, at *7 n.4 (W.D. Tex. Apr. 2, 2015) (distinguishing *Withers* because the Spencer plaintiff filed suit only 8 days before limitations ended, which did not let the defendants discover and designate responsible third-parties); *but see Armstrong v. Nat'l Shipping Co. of Saudi Arabia*, No. 4:15-CV-868, 2017 U.S. Dist. LEXIS

74921, at *8 (S.D. Tex. May 17, 2017) (denying a motion to designate responsible third-parties when the plaintiff had requested disclosures, discovery had ended, dispositive motions had been ruled on, the statute of limitations had run, and trial was less than a month away). The court also emphasized that the plaintiffs clearly knew about the entities designated as responsible third parties because the complaint included allegations about their role. *Id.* at *7.

Gutierrez did not serve Test-Rite until after the statute of limitations against NOV and Oxy had expired. (Docket Entry No. 36). Test-Rite could not have designated either as a responsible third party before then. *See Withers*, 13 F. Supp. 3d at 691 ("[A] defendant has a duty to disclose the existence of any potential responsible third parties *as soon as reasonably possible* . . . .") (emphasis added).

Gutierrez had notice of the role of both NOV and Oxy and included allegations about both in his state-court petition. (Docket Entry No. 13 at 2). Gutierrez originally sued Oxy, but voluntarily dismissed it. (Docket Entry No. 10). Gutierrez is not surprised or unfairly prejudiced by the late designation, which Test-Rite could not have reasonably made before.

Test-Rite's motion for leave to designate responsible third-parties, (Docket Entry No. 66), is granted.

SIGNED on June 20, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge